UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PRESTON DALGLISH, et al. | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
|        v. | ) 2:20-cv-00231-JDL |
| | ) |
| ELDREDGE LUMBER AND | ) |
| HARDWARE, INC., et al. | ) |
| | ) |
|    Defendants. | ) |

**ORDER ON STIPULATION OF DISMISSAL, MOTION TO INTERVENE, AND MOTION TO AMEND THE PROPOSED COMPLAINT IN INTERVENTION**

Preston and Terry Dalglish initiated this lawsuit (ECF No. 16), which was removed to this Court, against multiple parties, seeking relief for water damage to their house. Defendant Paul E. Morgan asserted a Third-Party Complaint (ECF No. 28) against other parties involved in this matter.[1] Separately, Allstate Property and Casualty Insurance Company ("Allstate"), the Dalglishes' insurer, paid the Dalglishes $44,092.89 pursuant to the terms of their homeowner's insurance policy for losses associated with their claims made in this case. Allstate now seeks to intervene (ECF No. 70) as a plaintiff and subrogee to recoup, from a subset of the defendants, the funds that it paid to the Dalglishes. Allstate has also moved to amend (ECF No. 76) its proposed Complaint in Intervention.

---

[1] In addition, one of the third-party defendants, Fowler's Roofing and Construction LLC, asserted a Fourth-Party Complaint (ECF No. 61) against two additional parties.

1

More recently, on October 27, 2021, with Allstate's motions pending, the parties of record settled their claims and filed a Stipulation of Dismissal (ECF No. 91) as to all claims, with prejudice. On October 28, 2021, Allstate filed its Objection to the Stipulation of Dismissal (ECF No. 92). For the reasons that follow, Allstate's Objection to the Stipulation of Dismissal (ECF No. 92), Motion to Intervene (ECF No. 70), and Motion to Amend the Proposed Complaint in Intervention (ECF No. 76) are denied.

## I. THE STIPULATION OF DISMISSAL

Allstate argues that the Stipulation of Dismissal does not comply with Federal Rule of Civil Procedure 41(a)(1)(A)(ii) because Allstate did not sign the stipulation and because Allstate's Motion to Intervene remains pending. The Dalglishes counter that the stipulation, which was signed by all parties of record, was effective upon filing and that this Court lacks jurisdiction to address Allstate's pending motions. Defendant Paul Morgan and Third-Party Defendant Fowler's Roofing and Construction LLC have filed memoranda agreeing with the Dalglishes.

A "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). "As is clear from the text of the rule, the dismissal resulting from that stipulation require[s] no court order to effectuate the dismissal; such notices are 'self-effectuating.'" *Salem Pointe Cap., LLC v. BEP Rarity Bay, LLC*, 854 F. App'x 688, 704 (6th Cir. 2021) (quoting *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993)). That has been the holding of "all [circuits] that have addressed the matter." *In re Brewer*, 863 F.3d 861, 868 (D.C. Cir. 2017).

A stipulated dismissal signed by the parties is effective upon filing even when a motion to intervene is pending because "the proposed intervenors do not become parties within the meaning of the Rule until their motion is granted." *In re Irish Bank Resol. Corp.*, No. 13-12159, 2014 WL 1884916, at *3 (Bankr. D. Del. May 12, 2014) (quoting 8 *Moore's Federal Practice* § 41.34 (Matthew Bender 3d ed.)); *accord Dukes v. Wal-Mart Stores, Inc.*, No. 01-cv-02252, 2016 WL 4269093, at *2 (N.D. Cal. Aug. 15, 2016) ("That the Proposed Intervenors filed their Motion before the Rule 41(a)(1) dismissal is irrelevant."); *Mut. Produce, Inc. v. Penn Cent. Transp. Co.*, 119 F.R.D. 619, 620 (D. Mass. Feb. 3, 1988) ("Intervenors were not named parties when plaintiffs and defendants filed their stipulations of dismissal, nor did their filing of a motion to intervene give them party status."); *see also AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 34 (1st Cir. 2005) ("There is no limit on when such a stipulation can be filed . . . .").

Contrary to Allstate's argument, because Allstate is a prospective intervenor and not a party, the Stipulation of Dismissal was effective automatically upon filing without Allstate's signature and notwithstanding Allstate's pending Motion to Intervene.[2]

---

[2] Some courts have held that there may be "circumstances where an intervenor could and should be treated as a *de facto* party and the Court might invoke equitable principles to estop the stipulating parties from invoking a rule which would prejudice the rights of a party whose motion to intervene is pending." *Eli Lilly & Co. v. Synthon Lab'ys, Inc.*, 538 F. Supp. 2d 944, 947 (E.D. Va. 2008); *accord Barrett v. PDP Unlimited, Inc.*, No. 4:17-CV-7, 2019 WL 5697188, at *1 (N.D. Miss. Nov. 4, 2019) ("Equitable relief is appropriate where, as here, a proposed-intervenor agrees to delay disposition of its motion in order to participate in settlement discussions."). If that is the law, equitable principles do not require the consideration of Allstate's motion, which, for reasons that I will address, was untimely.

## II.  ALLSTATE'S PENDING MOTIONS

Whether a district court has jurisdiction to consider a pending motion to intervene when the parties have stipulated to a dismissal of all claims appears to be an unsettled question of law in the First Circuit.  Courts have generally held that the absence of a live controversy resulting from the voluntary dismissal terminates subject-matter jurisdiction and moots an outstanding and undecided motion to intervene.  *See Salem Pointe*, 854 F. App'x at 706 ("[T]he Rule 41(a)(1)(ii) stipulation of dismissal divested the district court of jurisdiction to consider [the] motion to intervene.  The district court thus appropriately found the motion to intervene to be moot by virtue of that stipulation."); *Dukes*, 2016 WL 4269093, at *3 ("[T]he Rule 41(a)(1) dismissal divests the Court of jurisdiction to consider the Proposed Intervenors' Motion.  Accordingly, the Court DENIES the Motion as moot." (emphasis omitted)); *Silber v. Airbnb, Inc.*, No. 1:18-cv-01884, 2019 WL 3997098, at *1 (D. Del. Aug. 23, 2019) ("'A voluntary dismissal deprives the District Court of jurisdiction over the action.' . . . [O]nce a case is dismissed pursuant to Rule 41(a)(l)(A)(ii), a motion to intervene is rendered a nullity." (quoting *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 407 (3d Cir. 2016))).  Other courts have arrived at the opposite conclusion.  *See Brewer*, 863 F.3d at 870 (concluding that a court may retain jurisdiction to consider a motion to intervene after the parties have filed a stipulation of dismissal if the motion could "survive a case becoming otherwise moot"); *Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 513 (5th Cir. 2016) (rejecting the idea that "intervention is always improper after a case has been dismissed" where the sole shareholder of a company moved to intervene after the trustee for that company's

4

bankruptcy proceeding and another party stipulated to the dismissal of the trustee's claims). I do not need to reconcile these differing views, however, because even if subject-matter jurisdiction exists to consider Allstate's Motion to Intervene, the motion must still be denied as untimely.

"On timely motion," a court must allow anyone who satisfies certain criteria to intervene as of right. Fed. R. Civ. P. 24(a). "[T]he case law reflects four factors that inform the timeliness inquiry: (i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention." *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009). "In the last analysis, the timeliness inquiry centers on how diligently the putative intervenor has acted once he has received actual or constructive notice of the impending threat." *Id.* at 8. And, "when a putative intervenor seeks both intervention as of right and permissive intervention, a finding of untimeliness with respect to the former normally . . . dooms the movant's quest for permissive intervention." *Id.* at 11; *see also* Fed. R. Civ. P. 24(b)(1) ("On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact.").

As a subrogee with knowledge of this proceeding, Allstate has been free to seek to intervene in this case from its inception. The Dalglishes filed their Complaint on April 21, 2020 and provided Allstate with a copy of it that same day. As the Dalglishes note in their opposition to Allstate's Motion to Intervene, Allstate waited

until July 2021 to file its Motion to Intervene, seeking both intervention as of right and permissive intervention.[3] Allstate has failed to explain why the Court should excuse this lack of diligence. Allstate does argue that it will cost additional time and money to pursue its subrogation claims in a separate action, and that the parties would be more likely to settle with Allstate if it became a party to this action. But at this stage in the proceeding—after the parties have voluntarily dismissed their claims and settled without addressing Allstate's claims—permitting Allstate to intervene would not address those concerns. Furthermore, even if Allstate's predictions of prejudice were accurate, I would still conclude that Allstate's lack of diligence in pursuing intervention makes it inequitable to permit Allstate to intervene at this late date.

### III. CONCLUSION

Allstate's Motion to Intervene (ECF No. 70), Motion to Amend the Proposed Complaint in Intervention (ECF No. 76), and Objection (ECF No. 92) are **DENIED**. The Clerk's Office is directed to close this case.

**SO ORDERED.**

**Dated: November 29, 2021**

                                                                                    **/s/ JON D. LEVY**
                                                          **CHIEF U.S. DISTRICT JUDGE**

---

[3] Allstate contends that I should disregard the Dalglishes' and other parties' opposition to Allstate's Motion to Intervene because they missed the July 28, 2021 response deadline set by District of Maine Local Rule 7(b). This argument fails because that deadline was ordered extended to September 28, 2021 at the case management conference held on September 21, 2021.